IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00795-BNB

LYNN EUGENE SCOTT,

  Plaintiff,

v.

MR. URLICH [sic],
MS. JANE DOE, and
CAPT. JANE DOE,

  Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 23 2009

GREGORY C. LANGHAM
                    CLERK

---

### ORDER OF DISMISSAL

---

Plaintiff, Lynn Eugene Scott, is in the custody of the Colorado Department of Corrections at the Buena Vista, Colorado, correctional facility. He initiated this action by filing *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (2006) and other statutes, alleging that his rights under the United States Constitution have been violated. He asks for money damages and unspecified injunctive and declaratory relief. Mr. Scott has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2008).

Mr. Scott is suing Mr. Ulrich, his case manager at the Sterling, Colorado, correctional facility; Jane Doe, a parole board member and hearing officer; and Captain Jane Doe, the head of operations at the Sterling Correctional Facility. He alleges that on approximately March 13, 2008, Jane Doe, the parole board member, held a

rescission hearing and rescinded his parole release date of May 12, 2008, initially for 90 days, subsequently for 150 days. He further alleges that he received a copy of the disposition of the hearing on April 12, 2008. He complains that the rescission caused him to serve 90 more days of incarceration on the mandatory parole portion of his sentence instead of 60 more days on parole. He asserts that he eventually was released on August 5, 2008, 60 days after the date he "was suppose[d] to be release[d]." *See* complaint at 9.

The Court must construe the complaint liberally because Mr. Scott is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint and the action without prejudice.

Mr. Scott may not recover damages for the claims he is asserting in this action because those claims challenge the validity of the decision to delay his release on parole. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d

1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Scott does not allege, and nothing in the Court's file indicates, that he has invalidated the decision delaying his release on parole. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). The Court need not address Mr. Scott's request for declaratory and injunctive relief because he does not actually specify the declaratory or injunctive relief he seeks. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 23 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00795-BNB

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2017
East Unit
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/23/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk