IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00795-ZLW

LYNN EUGENE SCOTT,

Plaintiff,

v.

MR. URLICH [sic],
MS. JANE DOE, and
CAPT. JANE DOE,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 18 2009

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the motion titled "Motion to Reconsider Judgment" that Plaintiff, Lynn Eugene Scott, filed ***pro se*** on May 7, 2009. Mr. Scott is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista, Colorado, correctional facility. In the motion, he seeks reconsideration of the Order of Dismissal and the Judgment filed on April 23, 2009.

The Court must construe the motion liberally because Mr. Scott is proceeding ***pro se***. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the motion as filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and will deny the motion.

The Court dismissed the complaint and the action without prejudice as barred by the rule in ***Heck v. Humphrey***, 512 U.S. 477 (1994). The reasons for the dismissal are discussed in detail in the April 23, 2009, dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; ***see also Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***Van Skiver***, 952 F.2d at 1243.

Judgment was entered on April 23, 2009. The motion to reconsider was filed by Mr. Scott on May 7, 2009, within ten days after the final judgment was entered in the instant action. ***See*** Fed. R. Civ. P. 6(a). The motion, therefore, will be construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). ***See Van Skiver***, 952 F.2d at 1244. Upon consideration of the motions to reconsider and the entire file, the Court finds and concludes that Mr. Scott fails to demonstrate some reason why the Court should alter or amend the April 23, 2009, dismissal order and the judgment in this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Reconsider Judgment" that Plaintiff, Lynn Eugene Scott, filed ***pro se*** on May 7, 2009, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 15 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00795-BNB

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2017
East Unit
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/18/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk